# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| FELTON MITCHELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV420-028 |
| MARRIOTT MONARCH, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are defendant Marriott Monarch's Motion to Dismiss, doc. 4, and Motion to Stay, doc. 7. For the following reasons, the motion to dismiss, doc. 4, should be **GRANTED** and the case dismissed for lack of personal jurisdiction. Because the Court **RECOMMENDS** dismissing the case for improper venue, the motion to stay, doc. 7, is **GRANTED**.

This case was removed to federal court from Chatham County Superior Court on February 1, 2020. Doc. 1. Plaintiff filed a complaint alleging that, on December 15, 2019, plaintiff was removed from his time share by a security officer and three police officers. Doc. 1-3 at 5. He claims that he suffered and is still suffering from embarrassment and humiliation as a result of this action, and he requests 25 million dollars in damages for age and race discrimination. *Id*. On February 18, 2020, defendant filed a motion to dismiss for, among other things, lack of personal jurisdiction and improper venue. Doc. 4. Plaintiff filed no

response.

Generally, where no evidentiary hearing is held on a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving a prima facie case of jurisdiction with regards to the defendant. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996) (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Personal jurisdiction is typically delineated into "general" and "specific" jurisdiction. General (also known as "all-purpose") jurisdiction over a defendant is based on a forum nexus (the defendant's domicile, for example) *unrelated* to the conduct on which the underlying suit is premised.[1] *Walden v. Fiore*, 571 U.S. 277, 283 n. 6 (2014).

---

[1] The U.S. Supreme Court has essentially created an "at home" standard -- an out-of-state defendant can endure personal jurisdiction if its general activities (not a particular tort for which it is sued) within the state is continuous enough. *Daimler AG v. Bauman*, 571 U.S. 117, 136-37 (2014). But the showing is fairly demanding. Hence,

> the affiliation between the defendant and the forum state must be so continuous and systematic that the defendant is "comparable to a domestic enterprise in that State." *Daimler*, 134 S.Ct. at 758 n. 11. Both *Daimler* and [*Goodyear Dunlop Tires Operations, S.A. v. Brown*, __U.S. __, 131 S.Ct. 2846, 2851 (2011)] emphasized that the paradigm forum for the exercise of general jurisdiction is the defendant's domicile (which, in the case of a corporation, is the place of incorporation and principal place of business). *Goodyear*, 131 S.Ct. at 2853; *Daimler*, 134 S.Ct. at 760. The Supreme Court did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business. However, the court stated that a defendant might be subjected to general jurisdiction in some other forum only in an "exceptional case." *Daimler*, 134 S.Ct. at 761.

*NExTT Solutions, LLC v. XOS Technologies, Inc.*, 71 F. Supp. 3d 857, 861-62 (N.D. Ind. 2014). Nothing in the pleadings suggests defendant meets this standard.

Specific (case-linked) jurisdiction turns on the nexus between the forum and the underlying controversy -- the action in the forum state that subjects the actor to that state's regulation. For example, "A," a non-Georgian, commits an intentional tort or performs a certain contract in Georgia. "A" can be haled into the state when sued on that tort or contract. Specific jurisdiction thus has been recognized

> over defendants who have purposefully reached out beyond their State and into another by, for example, entering a contractual relationship that "envisioned continuing and wide-reaching contacts" in the forum State, or by circulating magazines to deliberately exploit a market in the forum State. And although physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State -- either by the defendant in person or through an agent, goods, mail, or some other means -- is certainly a relevant contact.

*Walden*, 134 S. Ct. at 1122 (quotes, cites and alterations omitted).

To summarize, the exercise of specific jurisdiction over an out-of-state intentional tortfeasor, must be based on intentional conduct that creates the necessary contacts with the forum. *Walden*, 134 S.Ct. at 1122-23. How much is a matter of degree: "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id*. at 1123. But the standard is spongy: "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the *necessary* contacts with

3

the forum." *Id*. (emphasis added). "Necessary," means that the defendant's conduct supplies the "but-for" cause of the tort at issue. *Waite v. AII Acquisition Corp.*, 2016 WL 2346743 at *3 (S.D. Fla. May 4, 2016); *Erwin v. Ford Motor Co.*, 2016 WL 7655398 at * 7 (M.D. Fla. Aug. 31, 2016). In making this determination,

> [t]he Court must always focus on the "'relationship among the defendant, the forum, and the litigation' [which] is the essential foundation of *in personam* jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 134 S.Ct. at 1125.

*AMA Multimedia LLC v. Sagan Ltd.*, 2016 WL 5946051 at *3 (D. Ariz. Oct. 13, 2016); *see also Blizzard Entertainment Inc. v. Bossland GmbH et al.*, 2017 WL 412262 at * 7 (C.D. Cal. Jan. 25, 2017) (personal jurisdiction established in California over a German company for allegedly developing and selling malicious software enabling users to cheat in some of plaintiff's computer games).

In addition to these general, constitutional guidelines, federal courts may only reach so far as state law allows. Specifically, in order

> [t]o determine whether a nonresident defendant is subject to personal jurisdiction, the Court must perform a two-part analysis. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). First, the Court must determine whether the exercise of personal jurisdiction is proper under the forum state's long-arm statute as that statute would be interpreted by the state's Supreme Court. *Id*. Next, the Court must determine whether there are sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of the

> Fourteenth Amendment.  *Id*.; *Int'l Shoe Co. v. Washington Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945).

*Paws Holdings, LLC v. Daikin Industries, Ltd*., 2017 WL 706624 at * 8 (S.D. Ga. Feb. 22, 2017) (footnote omitted).  Georgia's long-arm statute is codified at O.C.G.A. § 9-10-91, and the Court must first resolve whether exercising jurisdiction under it violates the Due Process Clause.  *Henriquez v. El Pais Q'Hubocali.com*, 500 F. App'x 824, 827-28 (11th Cir. 2012).  In that regard, O.C.G.A. § 9-10-91

> ["]does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process," but instead "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process."  *Diamond Crystal Brands, Inc*. [*v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1259 (11th Cir. 2010)].  "[C]ourts [therefore] must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied."  *Id*. at 1263.

*Paws*, 2017 WL 706624 at * 17 n. 14; *see also Perrigo Company v. Merial Limited*, 215 F. Supp. 3d 1329 (N.D. Ga. Oct. 6, 2016) (same).  Georgia law instructs that a court in Georgia:

> may exercise personal jurisdiction over any nonresident . . . in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>     . . . .
>     (2) Commits a tortious act or omission within this state . . . ;
>     (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engaged in any other persistent course of

5

>> conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> . . . .

O.C.G.A. § 9-10-91. The Eleventh Circuit interprets and applies "Georgia's long-arm statute in the same way as would the Georgia Supreme Court." *LABMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 844 (11th Cir. 2013) (quotes and cite omitted).[2] And, at this (screening) stage, the Court accepts plaintiff's factual allegations as true. *Byrd v. Drive Electric, LLC,* 2016 WL 3964239 at * 2 (S.D. Ga. July 20, 2016).

As an initial matter it does not appear that defendant is subject to general jurisdiction in Georgia as defendant is incorporated in South Carolina and maintains its principal place of business in Florida. Doc. 4 at 4. Nor does there appear to be continuous and systematic connections to Georgia. Doc. 4 at 7 (noting that defendant --a property management company -- does not manage any properties in Georgia). Thus, defendant must be subject to this Court's specific

---

[2] Hence, that court cited Georgia cases for some important distinctions:

> For purposes of personal jurisdiction under Georgia's long-arm statute, Georgia courts have ruled that -- when a defendant uses the telephone or email to contact a Georgia resident -- defendant's conduct occurs at the place where defendant speaks into the telephone or types and sends his email. *See Anderson v. Deas*, 279 Ga. App. 892, 893-94, 632 S.E.2d 682 (Ga. Ct. App. 2006) (no personal jurisdiction existed over a defendant who made harassing telephone calls to a Georgia resident from another state); *Huggins v. Boyd*, 304 Ga. App. 563, 565, 697 S.E.2d 253 (Ga. Ct. App. 2010) (concluding -- based on Anderson -- that no personal jurisdiction existed over a nonresident defendant who emailed Georgia residents).

*LABMD*, 509 F. App'x at 844.

jurisdiction and subject to the Georgia Long Arm Statute in order for this Court to exercise personal jurisdiction.

Neither of the two relevant provisions of the Georgia Long Arm Statute appear applicable here. "A tortious act occurs either where the allegedly negligent act or omission was made . . . or where the damage was sustained." *Exceptional Marketing Group, Inc. v. Jones*, 749 F.Supp.2d 1352, 1363 (N.D. Ga. 2010) (quotes and cite omitted), cited in *Paws*, 2017 WL 706624 at * 8; *see also supra* n. 6. Plaintiff has not specifically alleged (although he did provide an address for defendant in South Carolina, *see* doc. 1-3 at 7) where this act took place, but defendant has informed the Court, and plaintiff does not contest, that the conduct in this case occurred at Sea Pines resort in Hilton Head, South Carolina. Doc. 4 at 3.

Defendant has also asserted that "[w]hile MRHC may have transacted some limited business within the State of Georgia, the [p]laintiff's claims do not arise from that transaction of business, and thus, jurisdiction is not met under the Georgia Long Arm Statute." Doc. 4 at 4. Plaintiff has alleged no facts indicating that Georgia is the appropriate location for this suit. In fact, he has not contested defendant's motion to dismiss. *See,* S.D. Ga. L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). In the absence of any allegation sufficient to establish the Court's personal

jurisdiction over defendant, plaintiff has failed to bear his burden. The additional, uncontroverted, facts proffered by defendant only confirm that this Court's exercise of personal jurisdiction would be inappropriate.

Accordingly, defendant's motion should be **GRANTED** and the case should be **DISMISSED** without prejudice. Because the Court concludes that it lacks personal jurisdiction over defendant, the Court need not address the merits of defendant's other raised objections including proper venue and whether plaintiff's complaint fails to state a claim. Finally, because the Court recommends granting the motion to dismiss, the motion to stay discovery, doc. 7, is **GRANTED**.

## CONCLUSION

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.

§ 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1*; see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 25th day of September, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA